**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0031, <u>Bellevue Properties, Inc. v. Town of Conway & a.</u>, the court on September 27, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Bellevue Properties, Inc., appeals the order of the Superior Court (<u>Temple</u>, J.) upholding the decision of the Town of Conway Planning Board (board) to conditionally approve the site plan application of defendant 1675 WMH, LLC (WMH). The board granted WMH approval to: (1) merge two adjacent lots; (2) demolish existing buildings containing 67,613 square feet of retail space; and (3) construct four new buildings containing 51,546 square feet of retail space.

Superior court review of planning board decisions is limited. <u>Ltd. Editions Properties v. Town of Hebron</u>, 162 N.H. 488, 491 (2011). The superior court must treat the board's factual findings as <u>prima</u> <u>facie</u> lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law. <u>Id</u>. The appealing party bears the burden of persuading the superior court that, by the balance of probabilities, the board's decision was unreasonable. <u>Id</u>. The review by the superior court is not to determine whether it agrees with the board's findings, but to determine whether there is evidence upon which they could have been reasonably based. <u>Id</u>. Our review of the superior court's decision is equally deferential. <u>Id</u>. We will uphold the decision on appeal unless it is unsupported by the evidence or legally erroneous. <u>Id</u>.

The plaintiff first argues that the board erred in failing to give notice that it would consider a "connecting drive," a connection to the merged lots of a drive located on an adjacent lot, referred to as Lot R2, and in voting to deem the connection insignificant relative to the existing development. In affirming the board's decision, the superior court concluded that the board did not act unreasonably because the board had previously approved a site plan for Lot R2 depicting a paved driveway to the property line at the location of the connecting drive. The plaintiff argues that the court erred because "while the <u>paving</u> of a connecting drive to the property line on Lot R2 was previously approved, the <u>opening</u> of a connecting drive between the subject Lot and Lot R2 . . . was not previously approved." (Emphasis added.)

RSA 676:4, I(d)(1) (Supp. 2015) requires the board to give notice to abutters and the public that includes "a general description of the proposal which is the subject of the application." There is no dispute that the board gave notice to abutters and the public of WMH's application to replace the existing buildings on the merged lot with new buildings and associated infrastructure. The plan submitted with the application describes the connecting drive as a "potential future connecting drive to abutting property." At the December 11, 2014 hearing on the application, WMH's representative stated, in response to a question from the town planner, that the owner of Lot R2 intended to open the connecting drive between the merged lot and Lot R2. At the suggestion of the town planner, a board member then moved to have the board determine that the connecting drive on Lot R2 is insignificant relative to the existing development. Under the town's site plan review regulations, no site plan approval is necessary when the board finds that "the change of use and/or physical changes to the site are insignificant relative to the existing development." See Conway, N.H., Site Plan Review Regulations ch. 123, art. I, § 123-4(A)(5) (2011). The board then unanimously approved the motion to deem the connection insignificant under § 123-4(A)(5). We conclude that the plaintiff has failed to show that the board acted unreasonably in addressing this issue when it arose during the hearing on the application. See Ltd. Editions Properties, 162 N.H. at 491 (appealing party bears burden in superior court to show that board's decision was unreasonable). RSA 676:4, I(d)(1) did not require the board to give separate notice to abutters or the public before voting on whether the opening of the connecting drive on Lot R2 to the merged lot constituted an insignificant change of use and/or physical change to the site for purposes of § 123-4(A)(5) of the town's site plan review regulations.

As for the merits of the board's decision, the plaintiff argues that the connecting drive will in fact have a significant impact on parking and traffic on Lot R2, which in turn will negatively impact the plaintiff's lot because the plaintiff's lot is subject to a parking easement benefitting all or part of Lot R2. The plaintiff claims that the board failed to consider this impact. In affirming the board's decision, the superior court noted that the site plan provides 45 more parking spaces than the town's regulations require for a retail development of its size, using the shopping center parking standard. The court also noted that the plaintiff did not challenge the board's use of the shopping center parking standard in this case. In addition, WMH's representative stated that no new development was planned for Lot R2. Therefore, it was not unreasonable for the board to conclude, and for the superior court to affirm, that WMH's site plan would not have a significant impact on parking in the plaintiff's lot. See id.

As for the plan's impact on traffic, the plaintiff argues that connecting drives are designed "to permit access to adjacent properties without forcing patrons to travel on the road network," see Conway, N.H., Site Plan Review

Regulations ch. 123, art. III, § 123-20(G), and that the connecting drive in this case will divert traffic from Route 16, "a heavily traveled major roadway that customers of Settlers' Green Subdivision primarily use to access the retail outlets." Thus, the plaintiff argues, "vehicles will be able to drive through the subject Lot to Lot R2 and exit it onto Common Court," a private road that provides access to the hotel on the plaintiff's property. However, while the connecting drive may divert traffic from Route 16, the plaintiff has failed to show that this new route would negatively impact its property. See Ltd. Editions Properties, 162 N.H. at 491.

The plaintiff argues that "[a]t the very least, changes in traffic volume and patterns in the Settlers' Green Subdivision could result," and that "the risk of these potential changes" warrants "additional fact finding as to the impact of the connecting drive on traffic and the roadways in Settlers' Green." (Emphases added.) The plaintiff also asserts that the board approved the application "without consideration of any evidence as to the site plan's potential impact on traffic." The record shows otherwise. The town's police chief and fire chief both reviewed the site plan and concluded that it posed no safety concerns. The police chief specifically found that there was "sufficient access for emergency police vehicles" and "no potential problem for vehicular or pedestrian traffic and safety." The plaintiff asserts that the review by the police chief and fire chief was limited, that a more complete traffic study is necessary, and that the board did not consider the contrary testimony of the plaintiff's expert. However, in reviewing the board's decision, the issue for the superior court was not whether WMH could have presented additional evidence to the board, but whether there was sufficient evidence upon which the board's findings could have been reasonably based. See Ltd. Editions Properties, 162 N.H. at 491. We conclude that there was sufficient evidence for the planning board to conclude, and for the superior court to affirm, that the connecting drive is insignificant relative to the existing development.

The plaintiff also argues that additional information regarding the plan's impact on traffic and parking is necessary because of agreements among property owners regarding the cost of maintaining the private roads within the Settlers' Green Development. We conclude that the board reasonably determined that such issues were private concerns beyond the scope of its site plan review.

The plaintiff next argues that the board erred in relying upon the reduced square footage of the proposed retail space to conclude that there would be no negative impact on traffic and parking. The plaintiff notes that WMH's existing retail space is not being fully utilized for retail purposes. The plaintiff argues that the planned development, while smaller in size, will actually cause an increase in traffic and parking needs. However, the issue for the board's consideration was not whether the plan would result in an increase in traffic and in parking needs compared to the existing use, but whether the site "will

be developed in a safe and attractive manner and in a way that will not involve danger or injury to the health, safety, or prosperity of abutting property owners or the general public." Summa Humma Enters. v. Town of Tilton, 151 N.H. 75, 78 (2004) (discussing the purpose of site plan review). One board member noted that the site had been approved for 67,750 square feet of retail space, and that WMH was "not taking full advantage of all the permitted square footage." In addition to the reduction in retail space, the plan provides for 45 more parking spaces than the town's regulations require, in addition to the 33 spaces that WMH set aside for the adjacent restaurant. It would be reasonable for the board to infer that the reduced retail space and additional parking spaces would also alleviate traffic concerns. Accordingly, we conclude that there was evidence upon which the board's finding – that there would be no negative impact on traffic and parking – could reasonably be based. See Ltd. Editions Properties, 162 N.H. at 491.

Finally, the plaintiff argues that the board erred in failing to consider Lot R2's parking deficiency as part of its site plan review and that approval of the plan "maintains Lot R2's non-conformance regarding parking." Given the surplus parking available at the proposed site, it was reasonable for the board to conclude that the site would not impose any additional parking burden on Lot R2 or the plaintiff's lot. Moreover, as the plaintiff acknowledges, the issue of Lot R2's "non-conformance regarding parking" is the subject of a separate appeal. See Bellevue Properties, Inc. v. Settlers' R1, Inc. & a., Case Nos. 2014-0454 and 2015-0501 (consolidated). Therefore, it was not unreasonable for the board to conclude that this issue was beyond the scope of its site plan review.

We conclude that the plaintiff has failed to establish that the superior court's decision to affirm the board's approval of WMH's site plan is unsupported by the evidence or legally erroneous. See Ltd. Editions Properties, 162 N.H. at 491. In light of this order, the defendants' joint motion to strike the documents relating to the New Hampshire Department of Transportation's driveway permitting process and the traffic impact assessment and analysis standards for the Town of Moultonborough and the Town of Dover, which are appended to the reply brief, is moot.

Affirmed.

Dalianis, C.J., and Conboy, J., and Fauver, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Eileen Fox,**<br>**Clerk**

4